UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT OF
NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

WARREN ZINNAMON, on behalf of himself and
all others similarly situated,

                    Plaintiffs,

                    v.

PROFOUND COLOR, LLC DBA COLORIT,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Case No.: 1:23-cv-2722-LJL

**OPINION AND ORDER**

**LEWIS J. LIMAN, United States District Judge:**

Defendant Profound Color, LLC d/b/a ColorIt ("Profound Color") moves, pursuant to Federal Rule of Civil Procedure 12(b)(1), to dismiss the first amended complaint ("FAC") against it for lack of standing.  Dkt. No. 20.

**PROCEDURAL HISTORY**

Plaintiff initiated this case on March 31, 2023, by complaint filed against Terran LLC d/b/a ColorIt.  Dkt. No. 1.  The complaint contained what have become boilerplate allegations of violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq*.

On June 16, 2023, Plaintiff sought leave to amend the complaint to name the correct defendant.  Dkt. No. 10.  The Court granted that request on June 20, 2023.  Dkt. No. 11.  On June 21, 2023, Plaintiff filed the FAC, properly naming Profound Color as Defendant.  Dkt. No. 12.[1]

Defendant filed this motion to dismiss on July 14, 2023, along with a memorandum of law and a declaration of counsel in support of the motion.  Dkt. Nos. 20–22.

On the same day that Defendant moved to dismiss, Defendant's counsel submitted a letter to the Court pursuant to Rule 13(b)(3) of the Rules for the Division of Business Among District Judges advising the Court of an order entered by Judge Caproni, ordering Plaintiff's counsel, Mr.

---

[1] Plaintiff filed a document entitled Notice of Voluntary Dismissal as to Terran LLC on June 22, 2023, invoking Federal Rule of Civil Procedure 41(a)(1)(A)(i).  Dkt. No. 15.  On July 12, 2023, the Court ordered the complaint against Terran dismissed, pursuant to Rules 15 and 21 of the Federal Rules of Civil Procedure and the Court's inherent powers.  Dkt. No. 16.

Rozenberg, who had filed a similar complaint in a matter before her to show cause why the case should not be dismissed for failure to allege standing and why he should not be sanctioned. Dkt. No. 19 at 1–2 (citing *Zinnamon v. Satya Jewelry II*, 2023 WL 3511123 (S.D.N.Y. Apr. 28, 2023)). In an Opinion and Order dated April 28, 2023, Judge Caproni held that Mr. Rozenberg had violated Federal Rule of Civil Procedure 11(b) by filing a complaint asserting violations of the ADA in connection with a website with only "barebones, cookie-cutter" allegations that were inadequate to establish standing. *Satya Jewelry II*, 2023 WL 3511123, at *3. Judge Caproni noted that the only allegations supporting standing was the claim in paragraph 30 of the *Satya Jewelry* complaint that Mr. Zinnamon "intends to visit the Website in the near future if it is made accessible" and those in paragraphs 9 and 24 that he had visited the website on multiple unspecified occasions. *Id.* at *2. The court found that such conclusory allegations fell short of the "non-conclusory, plausible factual allegations" required by *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68 (2d Cir. 2022) and *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184 (2d Cir. 2013). *Id.* at *2–3. The court imposed a $1,000 fine on Mr. Rozenberg as a sanction, payment of which would be stayed and abrogated if Mr. Rozenberg and his firm refrained from filing an ADA website lawsuit in this District "that obviously inadequately alleges standing" for two years. *Id.* at *3. Defendant requested that this case be referred to Judge Caproni. Dkt. No. 19 at 3.

Plaintiff responded to Defendant's letter on July 19, 2023. Dkt. No. 24. Plaintiff opposed transfer to Judge Caproni. *Id.* Plaintiff also stated that "Plaintiff intends to file a Second Amended Complaint, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B)." *Id.* On July 20, 2023, the Court denied Defendant's request to transfer the case to Judge Caproni. Dkt. No. 25. The Court also denied Plaintiff's letter motion to amend the FAC without prejudice to renewal by formal motion. *Id.*[2]

Plaintiff did not immediately respond. Defendant filed a letter on August 7, 2023, notifying the Court that Plaintiff had neither opposed Defendant's motion to dismiss even though the time period for an opposition had passed nor moved to file an amended complaint. Dkt. No. 26. Two days later, on August 9, 2023, apparently oblivious to the Court's prior order requiring a formal motion, Plaintiff filed a letter motion to file a Second Amended Complaint. Dkt. No. 27. That motion was opposed both because it was not made by formal motion and on the grounds that Plaintiff and his counsel had been made aware of the defects in the FAC before he filed it by prior orders of both Judge Caproni and Judge Broderick, as well as by the Second Circuit decision in *Calcano*, 36 F.4th at 74. Dkt. No. 28. On August 10, 2023, the Court once again denied the motion without prejudice to renewal by formal motion. Dkt. No. 30.

## BACKGROUND

---

[2] Plaintiff's prior invocation of Federal Rule of Civil Procedure 15(a)(1)(B) was improper. That rule permits a party to amend "once as a matter of course" within 21 days of the service of a responsive pleading or a motion under Rule 12(b). Fed. R. Civ. P 15(a); *see Prospect Funding Holdings, LLC v. Vinson*, 256 F. Supp. 3d 318, 323 (S.D.N.Y. 2017). Plaintiff has already amended his complaint once. Dkt. No. 12.

The Court accepts the well-pleaded allegations of the FAC as true for purposes of this motion. Those allegations are particularly bare-bones.

Plaintiff is a visually impaired and legally blind person who cannot use a computer without the assistance of screen-reading software. Dkt. No. 12 ¶ 23; *see also id.* ¶¶ 2, 12. However, Plaintiff uses a popular screen-reading software program to access the Internet. *Id.* ¶¶ 17, 23. Defendant is described as follows:

> Defendant is a company that owns and operates www.colorit.com (its "Website"), offering features which should allow all consumers to access the goods and services and which Defendant ensures the delivery of such goods throughout the United States, including New York State.
>
> Defendant's Website offers products and services for online sale and general delivery to the public. The Website offers features which ought to allow users to browse for items, access navigation bar descriptions, inquire about pricing, and avail consumers of the ability to peruse the numerous items offered for sale.

*Id.* ¶¶ 21–22.

Plaintiff alleges that "[o]n multiple occasions, [he] visited Defendant's website . . . to make a purchase," but that "[d]espite his efforts," he "was denied a shopping experience similar to that of a sighted individual due to the website's lack of a variety of features and accommodations, which effectively barred [him] from being able to determine what specific products were offered for sale." *Id.* ¶ 24. Paragraph 30 alleges as follows: "Plaintiff intends to visit the Website in the near future if it is made accessible." *Id.* ¶ 30.

He brings this action on behalf of himself and a putative class of allegedly similarly situated legally blind individuals, alleging claims under Section 302 of Title III of the ADA, 42 U.S.C. § 12101 *et seq.*, and under the NYCHRL, N.Y.C. Admin Code § 8-107(4)(a).

## DISCUSSION

"For the Court to adjudicate this matter, Plaintiff must first establish that he has standing pursuant to Article III of the Constitution." *Thorne v. Bos. Mkt. Corp.*, 469 F. Supp. 3d 130, 135 (S.D.N.Y. 2020). A plaintiff must show: (1) an injury in fact that is (a) concrete and particularized, and (b) actual or imminent; (2) a causal connection between the injury and the defendant's conduct; and (3) that the injury would likely be redressed by a favorable decision. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992); *Thorne*, 469 F. Supp. 3d at 135. "Plaintiffs seeking injunctive relief must also prove that the identified injury in fact presents a 'real and immediate threat of repeated injury.'" *Kreisler*, 731 F.3d at 187 (quoting *Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004)). "[A] plaintiff seeking injunctive relief [under the ADA] has suffered an injury in fact when: '(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer from the complaint that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of [the public accommodation] to plaintiff's home, that plaintiff intended to return

to the subject location'" in the future. *Calcano*, 36 F.4th at 74 (quoting *Kreisler*, 731 F.3d at 187–88).

In *Calcano*, the Second Circuit addressed the sufficiency of ADA claims alleging injury and held that "conclusory invocations of the factors" found relevant in *Kreisler* were insufficient to establish Article III standing. *Id.* at 75. The court found that the plaintiffs' allegations that they had been customers of the defendants and intended to return to make additional purchases were merely legal conclusions that did "not raise a reasonable inference of injury." *Id.* at 76. The court also found that plaintiffs' allegations that they had visited the defendant stores "on prior occasions" were insufficient to show an injury that was concrete and particularized. *Id.* at 76–77. The court therefore affirmed the dismissal of the complaints seeking injunctive relief under the ADA for lack of standing.

With the exception of the fact that *Calcano* involved the sale of braille gift cards from brick-and-mortar stores and this case involves a challenge to a website's accessibility, the two cases are virtually indistinguishable for purposes of standing analysis. Plaintiff does not allege what he intended to purchase from Defendant's Website, or why he intended to purchase the items from the Website. *See, e.g.*, *Loadholt v. Game Goblins, LLC*, 2023 WL 6066220, at *3 (S.D.N.Y. Sept. 18, 2023) (finding failure to allege standing where plaintiff did "not explain what [specific products] he is interested in, whether the Defendant is the only retailer who sells those [products], or why he will return to Defendant to purchase them"). Indeed, Plaintiff does not even allege the products offered by Defendant. He makes only "vague assertions" that he plans to revisit the website. *Calcano*, 36 F.4th at 76. His claim of his future intent to return is "conclusory and do[es] not raise a reasonable inference of injury." *Id.* Without additional factual details, Plaintiff does not "nudge [his] claims across the line from conceivable to plausible," *id.*, and therefore fails to allege Article III standing.

Because "[c]laims under the ADA and NYCHRL are governed by the same standing requirements," *Monegro v. Street Insider Dot Com Inc.*, 2022 WL 445797, at *4 (S.D.N.Y. Feb. 11, 2022), Plaintiff's NYCHRL claims are dismissed for the same reasons.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is GRANTED and the FAC is DISMISSED. The Second Circuit decision in *Calcano* was available to Plaintiff when he filed the FAC and, even now, Plaintiff fails to identify facts he could plead that would establish standing. Accordingly, the dismissal is with prejudice.

SO ORDERED.
Date: 10/17/2023
      New York, New York

LEWIS J. LIMAN
United States District Judge